# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CAPITOL BODY SHOP, INC.**                                                            **PLAINTIFF**

vs.                                          **CIVIL ACTION NO.: 3:18-CV-516-HTW-LRA**

**ALLSTATE INSURANCE COMPANY,**
**WILLIAM EDWARD PERMENTER, and**
**JOHN DOES 1-5**                                                               **DEFENDANTS**

## ORDER

BEFORE THIS COURT is Defendant Allstate Insurance Company's *Motion to Dismiss Improperly Joined Defendant*, namely in-state William Edward Permenter (hereinafter referred to as "Permenter"), whose presence in this litigation would destroy diversity subject matter jurisdiction under Title 28 U.S.C. § 1332[1] **[Docket no. 3]**. Also, before this Court is *Plaintiff Capitol Body Shop, Inc.'s Motion to Remand* **[Docket no. 11]**, the other side of Defendant's argument, which asks this Court to return this litigation to state court where it originated. Plaintiff, Capitol Body Shop, Inc. (hereinafter referred to as "Plaintiff" or "Capitol Body Shop") argues that Permenter, as a proper party, belongs in this lawsuit, which, with him included, would be antithetical to the jurisdictional strictures of 28 U.S.C. § 1332. For the reasons presented herein, this Court GRANTS Allstate's Motion to Dismiss Improperly Joined Defendant and, commensurately with this ruling, DENIES Plaintiff Capitol Body Shop's Motion to Remand.

---

[1] 28 U.S.C. § 1332 states:
(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
        (1)     Citizens of different States; …

# I. THE PARTIES

Plaintiff, Capitol Body Shop, filed its action in Hinds County, Mississippi Circuit Court on April 26, 2018, against Allstate, Permenter, and John Does 1-5. Plaintiff is a Mississippi corporation with its principal place of business located in Jackson, Mississippi. Defendant Allstate is a foreign insurance company incorporated in the State of Delaware with its principal place of business located in the State of Illinois. Permenter, Allstate's employee, is an adult resident citizen of Lamar County, Mississippi. John Does 1-5 are unidentified individuals, whose respective citizenships purportedly are unknown. This Court, therefore, ignores their "presence" on the jurisdictional question. Title 28 U.S.C. § 1441(b)(1)[2] explains,"[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) ... the citizenship of defendants sued under fictitious names shall be disregarded." *Chapman v. Kroger Ltd. Partn.*, 3:11-CV-688 HTW-LRA, 2012 WL 775812, at *2 (S.D. Miss. Mar. 7, 2012).

# II. BACKGROUND FACTS

Plaintiff Capitol Body Shop, in its Complaint, alleges the following background facts:

"8. On or about July 30, 2017, Kenyata Wells' 2007 Chevrolet Impala was damaged. The damages to the automobile were covered by Allstate Insurance Company (hereinafter "Allstate") policy #995320445. Allstate opened claim #0469431324, and Defendant, William Edward Permenter, was the senior staff adjuster assigned to the claim. John Doe 1 was an adjuster working on the claims team which was supervised by Defendant, William Edward

---

[2] b) Removal based on diversity of citizenship. --(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
28 U.S.C.A. § 1441 (West)

2

Permenter. The Allstate claims team operated as a single unit in the adjustment of this claim with oversight of the claim adjustment being performed by William Edward Permenter. [Docket no. 3-1, p. 2-3].

9. Ms. Wells brought the vehicle to Capitol Body Shop, Inc. (hereinafter "Capitol") for an estimate of repairs. In preparing its repair estimate, as per Allstate's request, Capitol removed the rear bumper cover, energy absorber, and tail lamp assemblies from the automobile, and it was quickly realized that the vehicle was a total loss. [Docket no. 3-1 at p. 3].

10. Allstate agreed with Capitol and declared the vehicle a total loss. *Id*.

11. After the vehicle was declared a total loss, Ms. Wells desired to buy back the automobile from Allstate. [Docket no. 3-1 at p. 3].

12. When Ms. Wells decided to buy back the automobile, Capitol reassembled the vehicle so that the vehicle could be driven away. [Docket no. 3-1 at p. 3].

13. In total, Capitol provided services in the amount of $953.10. These charges include labor, administrative fees, and storage charges. See Exhibit "A" attached hereto. [Docket no. 3-1 at p. 3].

14. On or about August 7, 2017, John Doe 1, a member of the Allstate Claims unit contacted Frank McClure at Capitol, stating that the vehicle needed to be released to Ms. Wells as soon as possible. Following its usual procedures, Capitol did not want to release the vehicle until it was paid for its services. At that point, it was represented to Mr. McClure that a check for full payment of Capitol's bill was being sent *via* overnight delivery. Allstate asked that Capitol release the vehicle to Ms. Wells once the check was received. [Docket no. 3-1, pp. 3-4].

15. The next day, Capitol received Allstate check #557289308 in the amount of $953.10. See Exhibit "B" attached hereto. Having no reason to believe that the check would be dishonored, Capitol released the vehicle to Ms. Wells. Capitol then deposited the subject check in the ordinary course of business. [Docket no. 3-1 at p. 4].

16. On or about August 9, 2017, the check was returned, and Capitol was charged a $10.00 chargeback fee. Capitol was informed that Eddie Permenter, as senior staff adjuster assigned to the file, placed a stop payment order on the subject check. [Docket no. 3-1 at p. 4].

17. After placing a stop payment order on the original check, Mr. Permenter on behalf of Allstate sent a purported replacement check (Allstate check #135432180) in the amount of $210.60 to Capitol without any explanation for the action taken. See Exhibit "C" attached hereto, Capitol did not negotiate the replacement check. [Docket no. 3-1 at p. 4]."

In its Complaint, Plaintiff alleges the following causes of action against all defendants: breach of contract; bad faith breach of contract; breach of the duty of good faith and fair dealing; and constructive fraud. *See generally* [Docket no. 3-1]. Plaintiff's only direct allegation against Permenter is that he is liable for constructive fraud.

On August 3, 2018, Allstate filed its Notice of Removal [Docket no.1] in this Court, which asserts that pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction because complete diversity of citizenship exists between the properly joined parties, and the matter in controversy is in excess of $75,000, exclusive of interest and costs. The Notice of Removal (hereinafter referred to as "Notice") acknowledges that Permenter is a Mississippi citizen; however, the Notice asserts that Permenter is improperly joined due to lack of any specific cognizable claim against him in Plaintiff's Complaint.

Allstate thereafter filed its motion to dismiss Permenter as an improperly joined defendant [Docket no. 4] and its memorandum in support thereof on August 6, 2018. On August 30, 2018, Plaintiff filed its Response in Opposition to Allstate's Motion to Dismiss [Docket no. 10], along with its Motion to Remand this matter to the Circuit Court of Hinds County, Mississippi [Docket no. 11].

### III. LAW AND ANALYSIS

**A. Removal**

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). District courts may exercise civil subject matter jurisdiction over a lawsuit under either 28 U.S.C. § 1331[3] or 28 U.S.C. § 1332. These jurisdictional grants have different prerequisites.

The present controversy does not implicate 28 U.S.C. § 1331. Often describes as the "federal question" jurisdiction prong, § 1331 welcomes cases arising under the United States Constitution, or federal statutes. Federal question jurisdiction exists when a well-pleaded complaint establishes that: 1) federal law creates the cause of action; or 2) that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28. 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

---

[3] 28 U.S.C.A. § 1331 states:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1332 concerns us here. Pursuant to § 1332, district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and where the matter in controversy is between citizens of different states. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). Originally enacted by the United States Congress to provide a fair forum for out-of-state defendants being sued by in-state plaintiffs, or for out-of-state plaintiffs bringing suit against in-state defendants, § 1332 opened the federal forum for out-of-state parties, who feared "home-cooking" in prejudiced state courts. Section 1332 thus allowed an out-of-state party the opportunity to appear in federal court, before a life-time appointed federal judge, whose allegiance is not to the home state, but to the United States, and where the out-of-state party could adjudicate the dispute before a jury chosen from a larger geographical area than that of the in-state's party's home area.

The thrust of § 1332, then, may operate either when an out-of-state plaintiff wishes to file against an in-state defendant, or where an out-of-state defendant is sued in state court in the home state of an in-state plaintiff. When the latter occurs, the out-of-state defendant may "remove" that lawsuit to federal court under § 1332. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A properly joined in-state defendant where the plaintiff, too, is an in-state citizen, destroys the complete diversity requirement under § 1332. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

"[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas*, 648 F.3d at 249. "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-cv-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)).

### B. Improper Joinder

The improper joinder doctrine "implements the [federal courts'] duty to not allow manipulation of our jurisdiction." *Smallwood*, 385 F.3d at 576. "[A] non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Flagg v. Stryker Corp*. 819 F.3d 132, 136 (5th Cir. 2016) (citation omitted). Simply stated, "the test for improper joinder is whether the removing party [crying improper joinder] has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant." *Id*. (citation omitted). Where the Court finds that a defendant has been improperly joined, the court "may disregard the citizenship of that defendant [for diversity purposes], dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Id*.

Jurisdictional facts are determined at the time of the removal, and the district court "must examine the plaintiff's possibility of recovery against the defendant *at the time of removal*." *Flagg*, 819 F.3d at 137 (emphasis in original). While the removing party's burden of demonstrating improper joinder is a heavy one, more than a mere theoretical possibility of recovery under state law is needed to survive a claim of improper joinder. *Stewart v. Glenburney*

*Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *2 (S.D. Miss. Dec. 28, 2008) (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

To reach its conclusion on joinder, the court may pursue the following: it may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Bell v. Texaco, Inc.*, 493 Fed. App'x, 587, 591 (5th Cir. 2012) (citing *Smallwood*, 385 F.3d at 573).[4] *See also Parks v. New York Times, Co.,* 308 F.2d 474, 478 (5th Cir.1962) (explaining that "there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard"). Alternatively, the district court may, "pierce the pleadings" to consider summary judgment-type evidence. *Smallwood*, 385 F.3d at 573-74.

This Court resolves the Plaintiff's Motion to Remand *sub judice* with an analysis under Rule12(b)(6)[5] of the Federal Rules of Civil Procedure. To survive a 12(b)(6) motion under this heightened pleading standard, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

---

[4] Generally, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. July 12, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In conducting this analysis on a motion to remand, the district court must apply the federal pleading standard. *Int'l Energy Ventures*, 818 F.3d at 208.

[5] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations of the complaint must have "nudged [the] claims across the line from conceivable to plausible . . .." *Twombly*, 550 U.S. at 569. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, at 678 (quoting *Twombly*, 550 U.S. at 557). In *Iqbal*, the plaintiff alleged that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement . . ." 556 U.S. at 680. The United States Supreme Court held that these are mere "bare assertions" which amount to a "formulaic recitation of the elements" of the claim. *Id.* at 681. The Supreme Court thus held that the "allegations were conclusory and not entitled to be assumed true." *Id.*

### C. 12(b)(6) Analysis as to Defendant William Permenter

Plaintiff's only cause of action against Defendant Permenter alleges constructive fraud. Spefically, the Complaint alleges, as follows:

> John Doe 1 made a representation to Capitol that full payment would be made for the services which Capitol rendered. [Docket no. 3-1, ¶35].
>
> This representation was false because Mr. Permenter stopped payment on the check. [Docket no. 3-1, ¶36].
>
> The statement was material to Capitol in its decision to release the vehicle and its statutory lien. [Docket no. 3-1, ¶37].
>
> John Doe 1 and the Allstate claims team intended that Capitol rely upon this false representation in the manner reasonable contemplated. [Docket no. 3-1, ¶38].

9

Capitol was ignorant of the fact that the representation was false. [Docket no. 3-1, ¶39].

Capitol relied upon the representation. [Docket no. 3-1, ¶40].

Capitol had the right to rely upon the representation. [Docket no. 3-1, ¶41].

Capitol suffered damages as a result of its reliance. [Docket no. ¶42].

Mr. Permenter and John Doe 1 committed this constructive fraud in the course and scope of their employment with Allstate. [Docket no. 3-1, ¶43].

A complaint alleging fraud must meet the heightened specificity requirements of Fed. R. Civ. P. 9(b), which states that the circumstances constituting fraud must be stated with particularity.[6] Federal caselaw and federal rules of civil procedure require that in order to assert a valid cause of action for fraud, the plaintiff must specify the particulars of time, place and contents of the false representations. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Rule 9(b), thus, generally requires the who, what, when, where and how in the complaint. *Williams* 112 F.3d at 179. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 564 F.3d 180, 185 (5th Cir. 2009).

Under Mississippi case law, for a plaintiff to state a cause of action for fraud the plaintiff must plead:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by

---

[6] The Court observes that even if it were to apply the state court counter-part to Fed. R. Civ. P. 9(b), Mississippi's rule also requires that averments of fraud be stated with particularity. *See* Miss. R. Civ. P. 9(b).

10

the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

*Nichols v. Tri-State Brick& Tile Co.*, 608 So.2d 324, 330 (Miss. 1992) (quoting *Whittington v. Whittington*, 535 So.2d 573, 585 (Miss. 1988)).

Plaintiff's complaint does not provide these elements. The complaint: does not point to any representation or misrepresentation allegedly made by Permenter regarding the Allstate insurance policy; fails to plead plaintiff was deceived by Permenter's words; does not state how plaintiff relied upon any activity of Permenter. Plaintiff claims only that William Edward Permenter "placed a stop payment order on the subject check." Plaintiff has not disclosed the date, time, or location of this action. Further, stopping payment on the check at issue is an action, not a representation or communication; instead, the supposed false representation at issue was allegedly made by John Doe 1. For these reasons, the Court finds that Plaintiff's complaint fails to state a claim of fraud against Permenter and that the claim of fraud would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Further, Plaintiff's complaint is guilty of the judicial sin of "bunching", loosely attributing liable behavior to a bunch of defendants without any showing that each one of the bunch specifically performed any elements of the asserted cause of action. Once this Court cuts away the conclusory, bunched allegations of Plaintiff's complaint, this Court is left only with Plaintiff's assertion that Permenter, an employee of a known principal, stopped payment on the check at issue.

This Court finds, as it must, that Plaintiff improperly joined Defendant Permenter to this lawsuit, and he must be dismissed from this action. Accordingly, with the dismissal of Permenter, this Court now finds that complete diversity exists between Plaintiff Capitol Body Shop and Defendant Allstate Insurance Company. Since the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied, this Court has subject matter diversity jurisdiction over the dispute between these two parties.

**IT IS, THEREFORE, ORDERED that the Defendant Allstate Insurance Company's** *Motion to Dismiss Improperly Joined Defendant* **[Docket no. 3] is GRANTED.**

**IT IS FURTHER ORDERED THAT Plaintiff's** *Motion to Remand* **[Docket No. 11] is DENIED.**

**THE REMAINING PARTIES ARE TO CONTACT THE ASSIGNED MAGISTRATE JUDGE WITHIN TEN (10) DAYS OF THIS ORDER FOR A SCHEDULING ORDER.**

**SO ORDERED, this the 26th day of February, 2019.**

        **/s/HENRY T. WINGATE**
        **UNITED STATES DISTRICT COURT JUDGE**